## HAMBURG AMERICAN LINE v. UNITED STATES.

District Court, S. D. New York.
July 16, 1931.

George Z. Medalie, U. S. Atty., of New York City (Morton Baum, Asst. U. S. Atty., of New York City, of counsel), for the motion.

John M. Lyons, of New York City (Mark E. Cymrot, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

The motion to dismiss the complaint is granted without leave to amend.

I. The complaint alleges that the Hamburg American Line, the plaintiff, was the agent of the steamship Legie. That leaves uncertain the locus standi of the plaintiff in a suit against the United States; for if, as agent, it paid to or deposited with the collector of customs at Baltimore money of its principal, the owner of the steamship Legie, to secure her clearance from Baltimore, the suit should be in the name of her owner.

Though the allegation of agency leaves the plaintiff's position herein unstable, an opportunity to amend might be appropriate if it were not for facts which, assuming the plaintiff has stated its case as favorably to itself as it can, seem to preclude its ever being able to state a cause of action in its own behalf.

II. The threatened duress of detention of the Legie at Baltimore was exerted on her owner and not on her agent.

If the money paid the collector at Baltimore was the agent's own money, it must have been paid to forestall an action for penalty similar to that recently decided in the Circuit Court of Appeals for this Circuit in

the case of United States v. J. H. Winchester & Co., 40 F.(2d) 472.

Even if the reasons which led to the dismissal of that case by the Court of Appeals were here involved, they would not necessarily apply in reverse after a fine had been paid, as here, and so make an action to recover the fine maintainable against the United States.

I do not think, therefore, that the Winchester Case affects the situation here. Certainly the plaintiff cannot, as he claims to do, by paying a fine as agent for a shipowner, put himself in the same position as a defendant agent who had not received proper notice as to retaining an alien on board.

III. On the facts shown here, however, I cannot see how the fine in question can be recoverable by the plaintiff.

The duty of those in charge of a vessel under section 20(a) of the Immigration Act of 1924 (8 USCA § 167(a), is to retain all the alien seamen on board until they have been properly inspected by immigration officers, and thereafter, if required by the immigration officers, the ship is under an absolute duty to keep any excluded alien seamen on board.

Written notice as to such requirement is not necessary under that section.

The oral notice admittedly given in Boston in respect of the alien seaman here in question was therefore sufficient and did not have to be repeated at Baltimore. The City of Harvard (D. C.) 52 F.(2d) 461, 1931 A. M. C. 259.

Settle order for judgment dismissing the complaint on two days' notice.